# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:13CR395 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| LORI JENKINS, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 116), submitted by Defendant Lori Jenkins, pro se. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

The Defendant was charged with being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in a two-count Indictment.

At the Initial Appearance and Arraignment held on October 4, 2013, the Defendant requested appointment of counsel and CJA Panel Attorney Donald L. Schense, a highly experienced criminal defense attorney, was appointed to represent the Defendant.

On December 31, 2013, an order was entered scheduling the jury trial in this matter to begin on January 28, 2014. Upon the filing of a motion to continue by the Defendant,

the trial was continued to March 11, 2014. A joint motion to continue was filed and on March 4, 2014, the trial was continued to April 1, 2014.

The trial began on April 1, 2014, and the matter was submitted to the jury on April 3, 2014. A guilty verdict was rendered on April 3, 2014, on both counts, and the sentencing hearing was scheduled for June 30, 2014.

A Revised Presentence Investigation Report ("PSR") was sent to the parties and the Court on June 16, 2014. It included a base offense level of 43 pursuant to U.S.S.G. § 2K2.1(c)(1)(B) because the Defendant possessed or transferred ammunition with knowledge or intent that it would be used or possessed in connection with another offense (*i.e.*, knowledge that the transferee was a convicted felon), and, because deaths resulted, the most analogous offense guideline from Chapter Two, Part A, Subpart 1 (Homicide) applied. The PSR listed the Defendant's Criminal History Category as I. Defense counsel filed objections to the PSR and those objections were overruled at the sentencing hearing. The Defendant was sentenced on July 15, 2014, to 120 months imprisonment on both Counts I and II to run concurrently, and three years of supervised release to follow.

On July 24, 2014, Mr. Schense filed a Notice of Appeal (Filing No. 93) on behalf of the Defendant and he represented the Defendant during her Appeal to the Eighth Circuit Court of Appeals. The District Court's judgment was affirmed on July 6, 2014.

On September 15, 2015, the Defendant's timely § 2255 motion was filed. In her pro se motion, the Defendant argues four grounds for relief: (Ground One) Ineffective Assistance to Counsel - violation of Sixth Amendment right; (Ground Two) Violation of Movant's Fifth and Sixth Amendment Constitutional Right to due process; (Ground Three) Double Jeopardy, Violation on Movant's Eighth, Fourteenth, and Sixth Amendment

Constitutional Rights; and (Ground Four) Malicious Prosecution and Governmental Misconduct in Violation of Movant's Eighth and Fourth Amendment Rights. In addition, at Paragraph 13, the Defendant claims there is "multiplicity and duplicity of the indictment" and "Government Tampering of evidence".

## DISCUSSION

### I. Ground One - Ineffective Assistance to Counsel - Violation of Sixth Amendment

To establish ineffective assistance of counsel, a defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that the seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

The Defendant contends that, prior to the trial, Mr. Schense failed to attack the indictment as defective because it stated that the defendant was convicted on August 27, 1997, for the crime of shoplifting goods valued over $1,500, an offense punishable by imprisonment for a term exceeding one year. The PSR noted that the charge was amended to Theft-Shoplifing $500-$1,500, an offense for which the Defendant received one year of probation and six months jail.

This issue was addressed by the U.S. Court of Appeals for the Eighth Circuit in its ruling on Defendant's appeal, and that Court found the Defendant's argument to be without merit. Defendant was a convicted felon at the time she purchased and possessed the ammunition. The discrepancy between the information in the Indictment and in the PSR

did not affect the outcome of the jury's decision in finding that the Defendant was a convicted felon in possession of ammunition.

The Defendant has not satisfied either prong of the *Strickland* test, and the Court concludes that her claim indicating she was denied her right to effective assistance of counsel should be denied.

## II. Ground Two - Violation of Movant's Fifth and Sixth Amendment Constitutional Right to due process

The Defendant claims that the past convictions listed in her PSR were used to enhance her sentence in violation of Supreme Court rulings. She does not name the rulings on which she relies. The Defendant's criminal history category was "one" and her criminal history did not enhance her sentence, but for the fact that her felony conviction was an element of the crimes charged in the Indictment.

## III. Ground Three - Double Jeopardy, Violation on Movant's Eighth, Fourteenth, and Sixth Amendment Constitutional Rights

The Defendant states that she was convicted on the same charges in Federal Court as in state court. The PSR revealed three charges pending against the Defendant in state court, none of which were for "felon in possession of ammunition." The federal charges were resolved before the state court charges, and any double-jeopardy claims the Defendant wishes to raise may be pursued in state court.

## IV. Ground Four - Malicious Prosecution and Governmental Misconduct Violation of Movant's 8th and 4th Amendment Rights afforded

The Defendant contends that the government was aware of a ballistics report stating that the Defendant's ammunition did not match the ammunition used in the killings, and the government withheld this evidence at the time of her sentencing hearing so the Court would impose a more lengthy sentence. During the sentencing hearing, a ballistics report

was offered and testimony received from an Omaha Police Department investigator and a deputy with the Douglas County Sheriff's Office. The undersigned accepted the report and found the testimony of the officers to be credible. It is also noted that the Eighth Circuit Court of Appeals held: "The [district] court properly concluded by a preponderance of the evidence, that ammunition purchased by Jenkins was transferred to her son resulting in four deaths." (Opinion of USCA - 8th Circuit, Filing No. 112, at 7.) The Defendant's claims of malicious prosecution and governmental misconduct in violation of Eighth and Fourteenth Amendments are without merit and will be denied.

With respect to the Defendant's claims made at Paragraph 13 of her petition, there are no duplicative charges in the Indictment. The two counts listed were for two separate dates indicating two separate purchases of different types of ammunition. With respect to Defendant's allegation that the government tampered with evidence, the Court finds no basis for the allegation.

## CONCLUSION

Because the Defendant's § 2255 claims are without merit, her Motion will be denied. Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 116);

2. The Court summarily dismisses all the claims in the Defendant's pro se § 2255 motion;

3. A separate Judgment will be issued denying the pro se § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

DATED this 6th day of January, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge